[No. 3,569.]

## ANN REED *v.* JARVIS SWIFT.

QUESTION OF STATUTE OF LIMITATIONS. — When the facts are agreed upon or ascertained, it is a question of law whether the case is brought within the bar of the Statute of Limitations; and in such case it is error to submit to the jury the question whether a demand is barred by the statute.

EVIDENCE OF A CONTINUED CONTRACT OF HIRING.—When an employer changes his place of residence, and engages in a new business, and a servant formerly in his employ at a fixed price is paid up, and then goes into his employ in the new business, and there is a conflict of evidence as to whether the servant had continued to perform service under the old contract, the Court should instruct the jury that the above state of facts were not evidence of a continuing contract of hiring at the former rate of wages.

APPEAL from the District Court of the First Judicial District, County of Santa Barbara.

The testimony tended to show that the defendant had been engaged in keeping a hotel in the State of Nevada, and the plaintiff was in his employ at thirty-five dollars per month; that in June, 1868, the defendant sold his hotel in Nevada, and removed to Santa Barbara County, where he engaged in farming; that the plaintiff went to Santa Barbara, and continued in the defendant's employ as a household servant from July 12th, 1868, to September 6th, 1871.

The other facts are stated in the opinion.

*Charles E. Huse,* for Appellant.

*A. Packard*, for Respondent.

By the COURT:

In her complaint the plaintiff alleged that she performed services for the defendant as a domestic servant for something more than three years, at the agreed price or sum of thirty-five dollars per month, and that her services were reasonably worth that sum. In the answer the defendant admits that the services were rendered as charged, but denies that they were rendered under any agreement as to the sum or amount to be paid therefor per month, and denies that they were reasonably worth more than the sum of fifteen dollars per month. The defendant also pleaded the Statute of Limitations as to so much of the services as were rendered more than two years before the commencement of the action.

The plaintiff recovered judgment for a sum equal to thirty dollars per month for the whole term, and the defendant brings this appeal from the judgment and from an order denying his motion for a new trial.

At the trial the Court submitted to the jury as a special issue the question as to whether any and what portion of the plaintiff's demand was barred by the Statute of Limitations. This was not a question for the jury, but the Court. When the facts are agreed upon or ascertained, it is a question of law and not of fact, whether or not the case is brought within the bar of the Statute of Limitations.

The defendant requested the Court to instruct the jury as follows:

"Where a servant has been employed at a stated rate of wages, in a hotel in another State, and the business has been broken up and closed, and the servant paid up and discharged, and two months afterwards the same servant comes

and resides with her former employer, occupied as a house servant on a farm, this is not evidence of a continuing contract of hiring at the former rate of wages."

The Court refused to so instruct, and this refusal is assigned as error.

There was a conflict of testimony as to whether at the close of the plaintiff's term of service in the State of Nevada she was discharged or had continued thereafter to perform service under the same employment and at the same agreed price, and also as to what was the reasonable and just value of her services.

In this conflict of testimony we think the instruction proper, and that it should have been given.

Judgment and order reversed, and cause remanded for a new trial.