[No. 11551.  Department Two. — May 28, 1887.]

AUGUST HEILBRON ET AL., RESPONDENTS, v. JOHN HEINLEN ET AL., APPELLANTS.

EJECTMENT — DESCRIPTION OF PREMISES — AMENDMENT. — In an action of ejectment to recover a quarter-section of land described as being in "range 19 east," an amendment to the complaint describing the land as "range 20 east" is not the substitution of a new cause of action, and may properly be allowed.

ID. — ADVERSE POSSESSION — PAYMENT OF TAXES — ACT OF APRIL, 1878. — The amendment of April 1, 1878, to section 325 of the Code of Civil Procedure, requiring the adverse possessor of land to pay all state and county taxes assessed thereon, in order to acquire title by adverse possession, is not retroactive, and does not affect adverse holdings prior to the date of its passage.

ID. — STATUTE OF LIMITATIONS — DEFENSE OF — INSTRUCTION. — Where the defendant, in an action of ejectment, sets up title to the demanded premises under the statute of limitations, and there is evidence tending to support the plea, an instruction which directs the jury to find for the plaintiff, without considering such defense, is erroneous.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

G. A. Heinlen, for Appellants.

D. S. Terry, for Respondents.

BELCHER, C. C. — This is an action to recover possession of a tract of land in Fresno County, which is alleged to be a part of the rancho Laguna de Tache, and is described as " that portion of the northwest quarter of section 36, township 18 south, range 19 east, which lies north of Kings River."

The complaint is in the usual form for actions of ejectment. The answer denies the plaintiffs' seisin or right to the possession of the land, and sets up the statute of limitations.

The case was tried by a jury, and the verdict and judgment were in favor of plaintiffs. The defendants moved

for a new trial, and, their motion deing denied, appealed from the judgment and order.

As originally filed, the complaint described the land sued for as in range 20 east. Shortly afterward, plaintiffs' counsel asked and were permitted, against the objections of defendants, to amend the complaint by striking out the word "twenty" in the description of the range, and inserting in the place thereof the word "nineteen."

It is claimed that the court erred in permitting this amendment to be made, as it substituted a new and different cause of action. We see no error in the ruling. A mistake had evidently been made in describing the land sought to be recovered, and it was not an abuse of the court's discretion to allow it to be corrected. (Code Civ. Proc., sec. 473.)

At the trial, the plaintiffs introduced in evidence a patent from the United States to Manuel Castro, dated March 6, 1866, for about forty-eight thousand acres of land, known as the rancho Laguna de Tache, and deeds from Castro conveying all his right, title, and interest in the rancho to Jeremiah Clark, and a lease of the rancho, dated May 1, 1880, for ten years from Clark to the plaintiffs, with the privilege of purchasing the property at any time during the term. They then called witnesses to prove that the demanded premises were included within the boundaries of the grant as fixed by the patent.

In support of the issues tendered by them, the defendants called witnesses to prove that the demanded premises were not within the calls of the Castro patent; that the land was swamp-land, and was sold as such by the state in 1861, and that the defendant John Heinlen had been occupying and claiming it adversely to the plaintiffs and their grantor for more than ten years before the commencement of the action.

At the request of the plaintiffs, the court instructed the jury as follows: —

"The jury are instructed that in no case can adverse possession be considered established under the provision of any section of the Code of Civil Procedure of California, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and that the party or persons, their predecessors and grantors, have paid all state and county taxes assessed upon said land.

"If the jury believe from the evidence that the land in controversy is within the boundaries of the survey attached to the patent from the United States to Manuel Castro, and that Jeremiah Clark has succeeded to the title of Manuel Castro, and that the plaintiffs hold under title derived from Jeremiah Clark, then you will find a verdict for the plaintiffs."

· These instructions were misleading and erroneous. The first is in the language of the amendment made on the 1st of April, 1878, to section 325 of the Code of Civil Procedure. But it has been held that that amendment was not retroactive, and did not at all affect adverse holdings prior to the date of its passage. (*Sharp* v. *Blankenship*, 59 Cal. 288; *Johnson* v. *Brown*, 63 Cal. 391.)

The second took from the jury all right to consider the defendants' claim of title under the statute of limitations, and in effect told them to find a verdict for the plaintiffs. The principal question at the trial was, whether the defendant John Heinlen did or did not have adverse possession, under a claim of right, commencing as early as 1872, and continuing for more than five years, and there was testimony upon that question, we think, which should have been submitted to the jury.

It is objected for the respondents that the appellants have not filed a printed transcript, properly authenticated, as required by the rules of this court; that the transcript contains numerous interlineations and writings in the margin of pages, and it does not appear when or by

whom such interlineations and marginal writings were made; and that the statement on motion for new trial, found in the transcript, is not shown to have been agreed to by counsel, or settled by the judge.

It is sufficient to say as to the first part of this objection, that, in considering the points here discussed, we have looked only to the printed transcript, which is properly certified by the clerk to be correct, and not to the interlineations and writings on the margins of pages; and as to the last part of it, that the statement on motion for new trial was properly settled and certified by the judge who tried the case.

It follows that the judgment and order should be reversed, and the cause remanded for a new trial.

Foote, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.