[No. 15220.    Department One.—May 3, 1894.]

## LOUIS KRUMB, RESPONDENT, v. JAMES H. CAMPBELL, APPELLANT.

ENTIRE CONTRACT FOR SERVICES—CONTRACT WITH ATTORNEY FOR ESTATE OF DECEDENT—CONSTRUCTION—PREMATURE ACTION.—Where an attorney who has agreed to render services during the entire progress of the administration of the estate of a deceased person, and to defray all of his personal expenses and outlay in and about his services, at his own cost, in consideration of a part interest in the estate, makes a contract with a third party, whereby the latter agrees to render services to the attorney during the entire progress of the administration of the estate, in consideration of a share of the net amount of money and property realized by the attorney from the estate after defraying his actual disbursements, such contract is an entire contract based upon an entire consideration; and any action by such third person to recover a share in funds received by the attorney before the close of the administration of the estate is prematurely brought, and cannot be maintained.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*D. M. Delmas*, and *Kittredge & Kraft*, for Appellant.

The contract sued on is entire and indivisible, and no recovery can be had thereon until plaintiff has fully performed his part of the same. (*Beach* v. *Mullin*, 34 N. J. L. 343, 344; *Lucesco Oil Co.* v. *Brewer*, 66 Pa. St. 351, 354, 355; *Norris* v. *Harris*, 15 Cal. 226–57; *People*

v. *Brooks*, 16 Cal. 11–19; *Brown* v. *Fitch*, 33 N. J. L.
418–22; *Thompson* v. *Phelan*, 22 N. H. 339–48; *Hutch-
inson* v. *Wetmore*, 2 Cal. 310–13; 56 Am. Dec. 337; *Cox*
v. *Western Pac. R. R. Co.*, 44 Cal. 18, 28; *Isaacs* v. *Mc-
Andrew*, 1 Mont. 437; *Nugent* v. *Rogers*, Tapp. 23; *Chip-
man* v. *Thompson*, Walk. Ch. 405; *Wells* v. *Smith*, 2 Edw.
Ch. 78; *Larkin* v. *Buck*, 11 Ohio St. 561; *Stein* v. *Steamer
Prairie Rose*, 17 Ohio St. 471; 93 Am. Dec. 631; *Allen* v.
*Curles*, 6 Ohio St. 505; *Steamboat Wellsville* v. *Geisse*, 3
Ohio St. 333; *W. A. & G. Steam Packet Co.* v. *Sickels*, 10
How. 419, 441; *Coburn* v. *City of Hartford*, 38 Conn. 290;
*Sickles* v. *Pattison*, 14 Wend. 257; 28 Am. Dec. 527; *Fil-
dew* v. *Besley*, 42 Mich. 100; 36 Am. Rep. 433; *Osbrey* v.
*Reimer*, 51 N. Y. 630; Wood on Master and Servant, p.
169; 2 Parsons on Contracts, pp. 519–22; 3 Am. & Eng.
Ency. of Law, p. 916.)   A premature action does not
lie.   (*Wadley* v. *Jones*, 55 Ga. 329, 330; *Landis* v. *Mor-
rissey*, 69 Cal. 83; *Kinsey* v. *Wallace*, 36 Cal. 462, 463, 476;
*Terry* v. *Hammond*, 53 Cal. 120; *Johnson* v. *Dopkins*, 3
Cal. 391, 395; *Shartzer* v. *Love*, 40 Cal. 93, 96; *Loup* v.
*California S. R. R.*, 63 Cal. 97, 103; *Harmon* v. *Ashmead*,
60 Cal. 439, 442; *Kalkmann* v. *Baylis*, 17 Cal. 292, 294;
*Clark* v. *Clayton*, 61 Cal. 634, 638; *Archibald* v. *Argall*,
53 Ill. 307, 308; Gear's Index Digest, p. 17; 1 Am. &
Eng. Ency. of Law, p. 180.)

*F. E. Spencer*, for Respondent.

In the determination of the question, as to whether
or not the contract is entire, all the circumstances sur-
rounding the transaction are to be considered, and the
contract must be interpreted so as to make it lawful,
operative, definite, reasonable, and capable of being car-
ried into effect, and to carry out the intention of the
parties; and when so considered it does not postpone
the payment of all compensation until the estate is
wound up. (See *Coleman* v. *Commins*, 77 Cal. 548;
*Cravens* v. *Eagle Cotton Mills Co.*, 120 Ind. 6, 16 Am. St.
Rep. 298; *Sutton* v. *Beckwith*, 68 Mich. 303; 15 Am. St.
Rep. 344; *Thompson* v. *McKay*, 41 Cal. 221–28; *McNeil*

v. *Shirley*, 33 Cal. 202; *Davis* v. *Robert*, 89 Ala. 402; 18 Am. St. Rep. 126; *Livermore* v. *Rand*, 26 N. H. 85; *Dodge* v. *Janvrin*, 59 N. H. 16, 17; *Paul* v. *Travelers' Ins. Co.*, 112 N. Y. 472; 8 Am. St. Rep. 758, 762; 11 Am. & Eng. Ency. of Law, 507; Civ. Code, secs. 1643, 1647.)  The language of the contract should be construed most strongly against the party who caused the uncertainty to exist.  (Civ. Code, sec. 1654.)  It requires but slight evidence of assent or agreement to apportion an entire contract for services, and allow a recovery for the work and labor actually performed.  (*Hogan* v. *Titlow*, 14 Cal. 255, 256.)  Assuming that the contract is entire, still a recovery may be had upon part performance and breach. (*Britton* v. *Turner*, 6 N. H. 431; 26 Am. Rep. 713; *Parcell* v. *McComber*, 11 Neb. 209; 38 Am. Rep. 366; *Duncan* v. *Baker*, 21 Kan. 99; *McMillan* v. *Malloy*, 10 Neb. 228; 35 Am. Rep. 471; 16 Cent. L. J. 207, 208.)

GAROUTTE, J.—Appellant insists that this action is prematurely brought, and the conclusion reached by the court as to that contention is determinative of the litigation.  The facts of the case may be briefly stated: On the eighth day of January, 1888, the appellant entered into an agreement with certain heirs of Charles Lux, deceased, whereby he engaged to give his services as an attorney to them throughout the administration of the estate of said deceased, and bear his own expenses in so doing, and, as compensation therefor, said heirs conveyed to him three per cent of their interest in said estate.  On the fourteenth day of January, 1888, the appellant and the respondent entered into an agreement whereby said respondent agreed to aid the appellant in carrying out his agreement with said heirs, and said appellant granted to him two-fifths of the amount realized by him under his agreement with the heirs, after defraying the actual disbursements of appellant in fulfilling his obligations under said agreement.  The administration of the estate of Charles Lux, deceased, is still pending and unclosed, but, as the appellant has

received certain sums of money aggregating about eighteen thousand dollars, under his agreement with said heirs by virtue of partial distributions of the estate, respondent claims two-fifths thereof after deducting expenses incurred by appellant up to that time. And this action is brought to recover the said two-fifths, amounting to about seven thousand dollars.

For the purpose of determining whether or not respondent Krumb's cause of action had accrued at the time he filed his complaint, it is necessary to consider the contracts entered into between these various parties, for it is upon the interpretation and construction of these contracts that plaintiff's right to a present cause of action is weighed and measured. If plaintiff's contract is an entirety, and he has bound himself thereby to give his services to defendant during the entire administration of the estate, it would seem that no recovery could be had upon the contract until he had rendered all the services stipulated to be performed.

Defendant agreed with the Lux heirs, in consideration of three one-hundredths of their interest in the estate, that he would "perform any and all legal services necessary and proper to be performed in and about the said estate of Charles Lux, deceased, as the attorney of said parties of the first part, in representing them and their several interests therein, to and including the final settlement of said estate, and the final distribution thereof; and it is further agreed that said party of the second part shall faithfully perform his duty and all legal services for the benefit of said parties of the first part . . . . and that all his personal expenses and outlay in and about said services shall be borne by him individually, and at his own costs without charge to the said parties of the first part." Under these provisions of the contract it cannot be questioned but that the defendant bound himself to render his services to the Lux heirs as long as the estate remained in course of administration. The contract entered into between plaintiff and

defendant was made a few days later. It refers in detail to the execution of the prior contract from which we have just quoted, and then proceeds: "Now this indenture witnesseth that the said Lewis Krumb hereby covenants with said J. H. Campbell that he will render all aid and assistance in his power in such manner and ways as said party of the second part may direct, to facilitate the labors of the said party of the second part under the said agreement, and will do all acts and things lawful and proper to be done, which said party of the second part may require to further and aid the labors of said party of the second part in carrying out the terms of said agreement. In consideration of the foregoing covenants, and subject to the terms of said agreement, the party of the second part hereby grants and assigns to said party of the first part, his executors and administrators, two-fifths of the net amount of money and property realized by said party of the second part from the said estate of Charles Lux, deceased, under the terms of said agreement, after defraying the actual disbursements of said party of the second part in fulfilling his obligation under the said agreement, as the same shall hereafter be ascertained."

The defendant, Campbell, having bound himself to render his services during the entire progress of the administration of the estate, we see no escape from the conclusion, in view of the plain provisions of this contract, that plaintiff also bound himself to render his services to defendant during the entire progress of the administration of the Lux estate, and that estate is now in progress of administration. Final distribution has not yet been had, and it does not appear from the record at what time in the future that event will occur. Reading the two contracts together, it must be held that the plaintiff's term of employment ends only when defendant's labors are no longer demanded by the Lux heirs under his contract with them.

Is plaintiff entitled to a partial payment as his term

of service progresses? It must be borne in mind that the present action is not based upon a rescission of the contract. No default upon the part of defendant is alleged or proven. No acts of his amounting to a prevention of performance are relied upon. No breach of any kind is claimed, but upon the contrary, plaintiff stands upon the contract as the basis of his recovery. The compensation, as fixed by its terms, forms the measure of his prayer for judgment. Its present vitality is conceded and affirmed by the whole litigation.

After a careful consideration of the various terms of these contracts we are forced to the conclusion that the one to which plaintiff is a party must be considered as an entirety, and that plaintiff must carry out and perform all the covenants upon his part to be performed as a condition precedent to his right of recovery. It is apparent that defendant is entitled to his compensation as the administration progresses. His contract expressly so provides, but we look in vain for any thing in the agreement indicating such a purpose as between these two parties litigant. It is not possible to see how the amount of plaintiff's compensation can be ascertained until the administration is closed. His compensation is a percentage of a net amount, and that net amount is impossible of ascertainment until the estate is finally settled and distribution had. This net amount is ascertained by deducting from defendant's compensation in gross the amount of his personal expenses incurred in the conduct of the business of his clients, the Lux heirs. The estate still being in the probate court, not fully administered, the amount of defendant's personal expenses is an unknown quantity, for only future events can determine what those expenses will be. We have no definite knowledge as to the true *status* of this estate. We know not what proportion of the estate has been administered upon and passed from the jurisdiction of the probate court by its various decrees of distribution. Perchance the defendant has received practically his

entire compensation under his contract, and at the same time his labors thereunder may have but fairly begun. His compensation may be fully paid, yet his disbursements upon his expense account may all be before him. His future expenses being a matter not susceptible of calculation, it cannot be said that plaintiff is entitled to recover two-fifths of the amount thus far received by defendant; not even two-fifths of the present net amount received, for there can be no net amount within the meaning of the contract until all the labor is performed and all defendant's expenses incurred. Not knowing what further compensation defendant may be entitled to, and not knowing the amount of expenses yet to be incurred, it is impossible to say that plaintiff, under his contract, is entitled to the amount sued for in his complaint. He might not be entitled to that amount upon the final settlement of the estate.

Again, plaintiff's services to defendant were to extend throughout the accomplishment of a certain undertaking, to wit, the administration of an estate. It does not appear to be contemplated by the contract that he was to receive his compensation in advance. The amount he here seeks to recover may form the bulk of his compensation, and yet the bulk of his labor may be before him. Upon a recovery here for services not yet performed, his future ardor for labor in the interests of his employer would probably be dulled, and possibly his further valuable services be lost entirely. Defendant could hardly be required to pay for services not yet performed, and then look to the courts for redress in case his employee should forsake his employment. We see no question of authority or precedent here involved. The whole matter appears to be entirely one of the true construction of the terms of this contract.

For the reasons stated, we think the contract, both as to the subject matter and the consideration, is entire; and that the compensation that plaintiff is attempting to recover in this proceeding has not been earned, and

will not be earned, until he has fully performed all the labors required of him under his agreement.

The action is prematurely brought, and the judgment is reversed, and the cause remanded.

HARRISON, J., and PATERSON, J., concurred.