[No. 58.  First Appellate District.—October 18, 1905.]

## J. F. TOWLE et al., Appellants, v. G. C. SWEENEY et al., Respondents.

FINDINGS—AGREED STATEMENT OF FACTS.—Although findings of fact are not necessary to the validity of a judgment, where the case is submitted for decision upon an agreed statement of facts, yet the court is not thereby precluded from making such findings of fact.  It may adopt the agreed statement as its own findings of fact, or it may make findings therefrom to correspond with the issues to be determined; and, as it is required to find only the ultimate facts in the case, it may find such ultimate facts from the probative facts set out in the agreed statement, as well as from evidence thereof.

ID.—STATUTE OF LIMITATIONS.—Where a case in which the defense of the statute of limitations is set up in the answer is submitted for decision upon an agreed statement of facts, the court may make a finding upon such defense in accordance with the evidentiary facts agreed upon; and the insertion of its determination as a finding of fact instead of as a conclusion of law is immaterial.

ID.—BOND OF CONTRACTOR—MATERIALS FURNISHED UNDER VERBAL CONTRACT—STATUTE OF LIMITATIONS.—A building contractor's bond, executed to "any and all persons who should perform labor or furnish materials to them," and conditioned that if the contractors "shall fully pay to the said person or persons performing labor or furnishing materials" the value of such labor or materials, said obligation should be void, otherwise to remain in full force and effect, is only collateral to any obligation that might arise in favor of materialmen for materials thereafter furnished by them. And when the primary obligation of the contractors to the materialmen for materials furnished, in pursuance of a verbal contract, is barred by the statute of limitations, the right of action of the materialmen on the bond against the sureties is likewise barred.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Wickliffe Matthews, for Appellants.

W. H. Jordan, A. G. Eells, and Sheffield S. Sanborn, for Respondents.

HARRISON, P. J.—The firm of Gardner & Boyden, as contractors, entered into a contract with one Probert, as owner, for the erection of a dwelling-house in San Francisco, and at the same time the defendants herein, as sureties, in connection with said contractors, as principals, executed a bond in the penal sum of $1,500 to any and all persons who should perform labor or furnish materials to the contractors, conditioned that, if the said contractors "shall fully pay to the said person or persons performing labor or furnishing materials" the value of such labor or materials, said obligation should be void; otherwise, to remain in full force and effect.    The plaintiffs herein furnished the contractors certain materials, which were used in the construction of the dwelling-house, and, the contractors not having paid for

the same, brought the present action against the sureties to
recover from them the value of the materials so furnished.
The construction of the dwelling-house was completed No-
vember 26, 1895, and the present action was commenced April
8, 1898. The defendants set up the statute of limitations
(Code Civ. Proc., sec. 339, subd. 1) in their answer as a de-
fense to the action, and the court found in their favor upon
this issue, and rendered judgment accordingly, from which
the plaintiffs have appealed.

1. At the trial the parties submitted the cause upon an
agreed statement of facts. Thereupon the court filed its writ-
ten finding of facts and conclusions of law, and entered judg-
ment accordingly. Its finding that the plaintiffs' cause of
action is barred by the provisions of subdivision 1 of section
339 of the Code of Civil Procedure is placed among the find-
ings of fact, and it is urged by the appellants that, as the
cause was submitted upon an agreed statement of facts,
there should have been no finding of facts; and that,
as the statute of limitations was not included in the
agreed facts, the finding thereon must be disregarded, and
was improperly considered by the court as a basis for its
conclusions of law and judgment. While the findings of fact
made by the court are not identical in form or language with
the agreed statement upon which the case was submitted, it
is not claimed by the appellants that there is any substantial
variance in their effect, or that any fact found by the court,
other than its finding upon the statute of limitations, is not
supported by the facts set forth in the agreed statement. Al-
though findings of fact are not necessary to the validity of a
judgment, where the case is submitted for decision upon an
agreed statement of facts, yet the court is not thereby pre-
cluded from making such findings of fact. It may adopt the
agreed statement as its own finding of facts, or it may make
findings therefrom to correspond with the issues to be deter-
mined; and, as it is required to find only the ultimate facts in
the case, it may find such ultimate facts from the probative
facts set out in the agreed statement, as well as from evidence
thereof. An agreed statement of facts is but a substitute for
evidence of those facts, and in this respect differs from an
"agreed case," which, under section 1138 of the Code of Civil
Procedure, may be submitted for decision without any plead-

ings. Findings of fact must always have reference to the issues to be determined, and in considering their effect for determining the issues in a case the court may consider any provision or rule of law applicable to such determination. The statute of limitations is a provision of law rather than a fact; and, being a defense to the plaintiffs' right of action which must be specifically pleaded, it forms an issue which the court must determine from the facts connected with the transaction out of which the right of action arose, whether such facts are presented in the form of an agreed statement or by evidence. Whether a cause of action is barred by the statute of limitations is, like ownership, a mixed question of law and fact, and may be either, according to the manner in which it is presented. As a recital in the nature of a right or of a defense, it is a fact, while, as the determination of an issue in the cause pending before the court, it is a conclusion of law. (*Richter* v. *Henningsan,* 110 Cal. 530, [42 Pac. 1077].) It does not cease to be a conclusion of law by reason of being found among the findings of fact, and is to be regarded according to its character, notwithstanding its misplacement. (*Savings Bank etc. Soc.* v. *Burnett,* 106 Cal. 514, [39 Pac. 922] ; *Burton* v. *Burton,* 79 Cal. 490, [21 Pac. 847] ; *Hamilton* v. *Delhi Min. Co.,* 118 Cal. 148, [50 Pac. 378].) The court, therefore, did not err in making a finding upon the defense of the statute of limitations set up by the answer of defendants, and rendering judgment accordingly.

2. Upon the facts found by the court, as well as by the agreed statement of facts, plaintiffs' cause of action against Gardner & Boyden was barred by the statute of limitations. The materials for which the plaintiffs seek to recover were furnished prior to September 19, 1895, and the present action was not commenced until April 8, 1898. The contract under which they were furnished was verbal, and its character and incidents, as a verbal contract, were not varied by reason of the bond set forth in the complaint. The obligation of Gardner & Boyden to the plaintiffs was not created by that instrument, nor is there in it any direct agreement with them on the part of Gardner & Boyden. The plaintiffs are not parties to the instrument and the instrument itself is only collateral to any obligation that might arise in their

behalf for materials thereafter furnished by them. It does not constitute a direct and independent obligation on the part of Gardner & Boyden to discharge every liability that may be afterward incurred by them for materials, nor does it purport to vary or enlarge such liability, but merely provides that whatever obligation they may enter into for furnishing materials shall be discharged according to its terms. The condition in the instrument tnat it shall be void, if Gardner & Boyden "shall duly pay" the value of the materials, shows that such payment is to be made according to the terms under which the materials may be furnished. The obligation of the defendants as sureties for the payment by Gardner & Boyden for any labor or materials that might be furnished to them in the construction of the dwelling-house is accessory and collateral to the obligation of their principals, and can be enforced against them only to the extent that the same obligation could have been enforced against Gardner & Boyden. (*County of Sonoma* v. *Hall,* 132 Cal. 589, [62 Pac. 257, 312, 65 Pac. 12, 459] ; *Paige* v. *Carroll,* 61 Cal. 211; *Farmers' etc. Bank* v. *Kingsley,* 2 Doug. (Mich.) 403.) By virtue of the principles governing the relation between principal and surety, the liability of the sureties is measured by that of the principal, and unless the claim of the creditor can be enforced against the principal, it cannot be enforced against the surety. As his obligation is accessory to that of the principal, if the principal is not liable, he is not, for there can be no accessory if there is no principal; and the surety may avail himself of any defense to the claim that would have been available to the principal. There are certain well-recognized exceptions to this rule, but none of them exist in the present case. "It is of the essence of this contract that there should be some one liable as principal, and, accordingly, when one party agrees to become responsible for another, the former incurs no obligation as surety, if no valid claim whatever arises against the principal; whilst, on the other hand, the liability of the surety upon a claim that is good against the principal ceases so soon as such claim is extinguished." (Chitty on Contracts, 11th Am. ed., 738.) In *Farmers' etc. Bank* v. *Kingsley,* 2 Doug. (Mich.) 403, the supreme court of Michigan said: "It would be as difficult to conceive of a surety's liability continuing after the prin-

2 Cal. App.—3

cipal obligation was discharged as of a shadow's remaining after the substance was removed.'' (See, also, Brandt on Suretyship, sec. 164 et seq.; De Colyar on Guaranties, 39; Pothier on Contracts, 229; *Hazard* v. *Irwin,* 18 Pick. 95; *Eising* v. *Andrews,* 66 Conn. 65, [50 Am. St. Rep. 75, 33 Atl. 585].)

It follows from the foregoing that the defense of the statute of limitations which was available to Gardner & Boyden is also available to the defendants herein, and that the court properly rendered judgment in their favor. (*County of Sonoma* v. *Hall,* 132 Cal. 589, [62 Pac. 257, 312, 65 Pac. 12, 459] ; *Auchampaugh* v. *Schmidt,* 70 Iowa, 642, [59 Am. St. Rep. 459, 27 N. W. 805] ; *Bridges* v. *Blake,* 106 Ind. 332, [6 N. E. 833].) In *Whiting* v. *Clark,* 17 Cal. 407, and *Sichel* v. *Carrillo,* 42 Cal. 493, cited on behalf of appellants, the defendants, by the terms of their contract, became personally bound to the plaintiff, independent of the obligation of the principal debtor. In *Sichel* v. *Carrillo,* 42 Cal. 499, the court placed its decision upon the distinction between the statute of limitations, which takes from the plaintiff all remedy whatever against the principal debtor, and a statute which deprives him merely of a particular remedy—as in that case a remedy against the estate of a deceased person—leaving his right to other remedies unaffected thereby.

The judgment and order are affirmed.

Cooper, J., and Hall, J., concurred.