# CHARLESTON

CLARK v. GRUBER, ADMINISTRATRIX, ETC. *et als.*

·Submitted June 9, 1914.   Decided June 16, 1914.

1. EQUITY—*Limitation of Actions—Operation of Statutes—Equity Follows the Law.*

   Where plaintiff's demand is purely a legal one, equity as a general rule follows the law literally in applying the statute of limitations. (p. 534).

2. EXECUTORS AND ADMINISTRATORS—*Claim Against Estate—Compensation for Services—Implied Contract.*

   In a suit by a son-in-law against the estate of his deceased father-in-law for the value of the services of himself, his wife and daughters, for boarding father-in-law and mother-in-law, and nursing the latter, she being seriously afflicted with cancer and helpless, and of which disease she died, proof that such father-in-law was financially able to pay for such services, and that shortly after he and his wife were taken into the home of plaintiff he made a codicil to his will providing a bequest to plaintiff of a sum of money sufficient to cover the same with the declared purpose of thereby paying for said services, which fact was communicated to plaintiff and relied on by him, and other facts proven show intent and expectation of the testator to pay, and of the son-in-law to be paid therefor, these with other facts fully proven raise an implied promise sufficient to support an action for the value of such services, although such will is subsequently revoked by testator's marriage, and the making of a new will containing no such provision.   (p. 535).

3. LIMITATION OF ACTION—*Commencement of Period—Implied Contract.*

   If in such case the evidence shows such implied contract to be for a continuous service, and not to be paid for until completed or until some future event, the statute of limitations will not begin to run except from the time of such completion, or the happening of the event contemplated. (p. 537).

Appeal from Circuit Court, Cabell County.

Suit by Charles F. Clark against Sarah Gruber, administratrix, etc., and others. From a decree for plaintiff, the administratrix appeals.

*Affirmed.*

*Wyatt & Graham* and *C. W. Freeman,* for appellant.

*R. L. Blackwood,* for appellee.

MILLER, PRESIDENT:

The bill is a creditors' bill, seeking settlement of the accounts of the administratrix, and because of alleged inadequacy of personal assets, a sale of the real estate of Daniel Gruber, deceased, to pay plaintiff's debt.

We see nothing of merit in defendant's demurrer to the bills, based on the theory of laches, and the statute of limitations, and in our opinion the demurrer was properly overruled. Plaintiff's demand is purely a legal one. In such cases equity follows the law literally in applying the statute of limitations. 9 Ency. Dig. Va. & W. Va. Repts., 385, and cases cited.

Plaintiff's demand decreed him is for boarding, lodging, and nursing Louise Gruber, decedent's wife, from July 1, 1904, to August 5, 1905, and for boarding and lodging of decedent from July, 1904, to November, 1905. The commissioner reported the value of the services rendered Mrs. Gruber at the rate of $15.00 per week, fifty seven weeks, totaling $855.00; and to Daniel Gruber personally, at the rate of $3.00 per week, sixty five weeks, amounting to $195.00. The court below, on exceptions by defendant Mrs. Gruber, administratrix, to the commissioner's report, cut down the rate of services rendered Mrs. Gruber from $15.00 to $10.00 per week, and decreed plaintiff the sum of $765.00, and a sale

of decedent's real estate in default of payment by the administratrix of the sum decreed within twenty days.

The first point made against this decree is that no agreement by Gruber in his life time to pay for these services is proven, and that because of the relationship of plaintiff and his wife to Mr. and Mrs. Gruber, that of son-in-law and daughter, near relatives, the law will not imply a promise, and that unless an express contract or what is equivalent thereto is shown no recovery can be had; that a moral obligation will not do. The authorities affirming this proposition, collated in 10 Ency. Dig. Va. & W. Va. Repts., 641, hold, however, that proof of an actual promise or of facts from which a promise can be reasonably inferred, established by evidence so clear, direct and explicit, as to leave no doubt as to the understanding and intention of the parties that payment should be made, will warrant a recovery. In *Cann* v. *Cann*, 40 W. Va. 138, it said that recovery cannot be had in such cases, unless there is proof of an express contract, or the facts and circumstances sustained by a preponderance of the testimony clearly establish an expectation or intention on the part of the one for whom the service is rendered to compensate the other, and of the latter that he should be paid therefor.

Within the rule of this and other cases the uncontroverted competent and legal evidence shows that Mr. and Mrs. Gruber, then residing in the City of Huntington, she seriously ill with cancer of the uterus and practically helpless, broke up housekeeping, and as the evidence shows, by the procurement of another daughter, were removed to the home of plaintiff at a small village in Ohio, where, for the time covered by the service, they both boarded, and she was carefully nursed and cared for by Mrs. Clark and her two daughters, her disease requiring the most exacting care of her person and her bed and clothing to keep them clean, and to keep down the bad odor coming from her diseased and afflicted body; that plaintiff provided all the food and fuel for both Mr. and Mrs. Gruber, at his own expense, and has never been in any way compensated therefor; that shortly after Gruber and wife were so removed to plaintiff's residence Gruber procured a codicil to his will to be prepared

by a brother of plaintiff, and associated with him in his store, and which was executed by Gruber in the hearing of plaintiff, and the fact was communicated to and relied on by him, and whereby he gave plaintiff the sum of one thousand dollars, instead of one hundred dollars given him by the original will, and after executing this codicil the will was handed over to Mrs. Clark, and was kept by her and was in her possession at the time of her father's death, in April, 1910; that Gruber continued to live and board with plaintiff, after his wife's death, occurring in August, 1905, barring one month when he was absent, until November, 1905, when he returned to Huntington, and where, in 1906, he married the present Mrs. Gruber, defendant and administratrix of his last will, made November 14, 1906, and admitted to probate in Cabell County, April 19, 1910.

This last will makes no provision for plaintiff, and by the principal provision whereof the testator devises and bequeaths to his wife, Sarah Gruber, all his real and personal estate to be held and enjoyed by her during her natural life, or so long as she may remain his widow, and, on her death or marriage, to be equally divided among all his children, or the descendants of such of them as might be dead. This will naming no executor, Mrs. Gruber qualified as administratrix with the will annexed.

The evidence further shows that at the time decedent and his wife went to reside with plaintiff he was possessed of valuable real and personal estate estimated to be worth from ten to twelve thousand dollars, and was amply able to provide support for himself and wife; that at the time of making and executing said codicil he declared to plaintiff's brother who prepared it, and to other witnesses, that he wanted and intended to pay plaintiff for the board and services rendered and for nursing and keeping of himself and wife, and that the codicil to his will then executed was intended for that purpose.

Much reliance is placed by appellant's counsel on the admissions of plaintiff, brought out on his cross-examination, that he had made no demand on Gruber for payment prior to his death. On re-direct examination he gives as the reason that Gruber had arranged in his will to pay for the services

on his death, that he knew he would not sooner have the money to pay him, wherefore the delay, in demanding the money and bringing suit.

These and other pertinent facts established by the evidence, we think, clearly show intent and expectation of Gruber to pay, and of plaintiff to be paid, *as provided by the will,* and for which provision was so made therein, bringing the case clearly within the rule of *Cann* v. *Cann, supra,* and other cases.

The next point made is that plaintiff's claim, or the greater portion thereof, is barred by the statute of limitations. As already noted, Mrs. Gruber, plaintiff's mother-in-law, died August 8, 1905, and Gruber ceased to board with plaintiff November 1, 1905. This suit was brought July 25, 1910, within five years, after the death of Mrs. Gruber, and of the termination of Gruber's residence and boarding with plaintiff. If on plaintiff's theory the contract of service was a continuing one, with no fixed time for payment, none of plaintiff's claim was barred at the date of the suit, and the whole of it is recoverable; if, on the other hand, as defendants contend, it was severable, and recoverable from month to month, it was barred except principal $72.43, and with interest to the date of the decree, July 1, 1912, $101.40.

By the contract implied from the facts and circumstances proven it is patent that neither plaintiff nor defendant expected or contemplated payment until Gruber's death, and certainly not until the services were completed or relationship between them had ceased. In such cases contracts are construed to be for continuous ones, and as to such contracts the statute of limitation does not begin to run until the completion of the services. *Wallace, Admr.* v. *Long, Guardian,* 5 N. E. 666; *Morrissey* v. *Faucett,* 68 Pac. 352; *Taggart* v. *Tevanny,* 27 N. E. 511; *Knight* v. *Knight,* 30 N. E. 421; *Douglass* v. *Railroad Co.,* 51 W. Va. 523; *Plate* v. *Durst,* 42 W. Va. 63, 24 S. E. 580.

Appellee assigns as cross error the decree of the court cutting down the amount reported by the commissioner as the value of the services rendered to Mrs. Gruber. The evidence on this subject is not as clear and certain as it might have been, and as the court below was more compe-

tent to judge of the weight and effect of the evidence, perhaps, than we, we are not disposed to disturb the decree on this item.

For the foregoing reasons we affirm the decree.

*Affirmed.*