[Sac. No. 2190.   Department One.—May 5, 1915.]

MARIA HAGAN, Appellant, v. J. D. McNARY, Adminis-
trator of the Estate of C. A. Kupper, Deceased, Respond-
ent.

ENTIRE CONTRACT — SERVICES TO BE PERFORMED — OBLIGATION OF PAY-
MENT.—Where services are to be performed for a given period for
a stated sum, without any agreement as to when the payment is to
be made, and the contract is entire, the obligation to pay does not
become mature, and payment is not due until the services are com-
pletely performed.

ID.—SERVICES TO BE PERFORMED DURING LIFETIME OF PROMISOR—OBLI-
GATION OF PAYMENT ARISES AFTER PROMISOR'S DEATH.—A contract
whereby the promisor agreed to pay the promisee a given amount
of money in consideration of the latter's giving and furnishing him
for and during the term of his natural life a regular, permanent,
and established home, is entire, and under it complete performance
of the service did not take place until the moment of the promisor's
death, and no obligation for immediate payment arose until the
moment after his death.

ID.—STATUTE OF FRAUDS—AGREEMENT NOT TO BE PERFORMED DURING
LIFETIME OF PROMISOR MUST BE IN WRITING.—Such agreement on
the part of the promisor not being by its terms to be performed in
his lifetime, but being by its terms to be performed immediately
after his death, falls within the provision of the statute of frauds,
invalidating, unless in writing, an agreement which by its terms
is not to be performed during the lifetime of the promisor (Civ.

Code, sec. 1624, subd. 7; Code Civ. Proc., sec. 1973, subd. 7).
Where such agreement is oral, no action can be maintained thereon,
the promisee's remedy, if any, being an action for the value of the
services rendered.

APPEAL from a judgment of the Superior Court of Colusa
County. H. M. Albery, Judge.

The facts are stated in the opinion of the court.

Seth Millington, and U. W. Brown, for Appellant.

J. W. Goad, and Thomas Rutledge, for Respondent.

SHAW, J.—The plaintiff appeals from a judgment in favor
of the defendant.

It is alleged in the complaint that in January, 1912, Kupper
offered and agreed to pay the plaintiff the sum of seven thou-
sand dollars if she would give and furnish him for and during
the term of his natural life a regular, permanent, and estab-
lished home; that plaintiff accepted said offer and that thence-
forth to the time of his death she furnished Kupper such
permanent and established home.

Kupper died on May 17, 1912, and thereafter the defendant,
McNary, was appointed and qualified as administrator of his
estate.

Thereafter plaintiff presented for allowance a claim against
the estate of deceased for the sum of seven thousand dollars,
which claim was rejected by the administrator.

Plaintiff then commenced this action to establish said claim.

The agreement was not in writing and it was proven upon
the trial by oral evidence. The objection is made that the
agreement being oral, it is within the statute of frauds and
therefore invalid. (Civ. Code, sec. 1624, subd. 7; Code Civ.
Proc., sec. 1973, subd. 7.) The provisions of these sections
above referred to are as follows:

"The following contracts are invalid, unless the same, or
some note or memorandum thereof, is in writing and sub-
scribed by the party to be charged, or by his agent: . . .

"7. An agreement which by its terms is not to be performed
during the lifetime of the promisor, or an agreement to devise
or bequeath any property, or to make any provision for any
person by will."

The question is fairly presented whether or not the agreement falls within the language of these provisions.

Subdivision 7 aforesaid was added to these two sections in 1905 and 1907, and it has not heretofore been presented to this court for consideration. Plaintiff contends that its construction is controlled by a number of cases arising under subdivision 1 of the same sections. That subdivision provides that "An agreement that by its terms is not to be performed within a year from the making thereof" is invalid, unless it is in writing and subscribed by the party to be charged, or by his agent. The decisions referred to hold that an oral agreement is not invalid under this subdivision if its terms are such that it may be performed within a year, although it is not expressly so stipulated, and that before such a contract can be held void under subdivision 1 its terms must be such that performance within a year is impossible without a departure from such terms. For the purposes of this case it may be conceded that the same principle of law will apply to subdivision 7. The agreement as alleged and proven states no time for the payment of the seven thousand dollars which Kupper agreed to pay to plaintiff for the services to be rendered. The services consisted of furnishing Kupper a regular, permanent, and established home during the term of his natural life. This, of course, includes his whole life and the service was not and could not be completed so long as breath remained in his body. The plaintiff's part of the agreement became completely executed upon his death, and not until then. The case comes under the somewhat familiar rule that where services are to be performed for a given period for a stated sum, without any agreement as to when the payment is to be made, and the contract is entire, as it is here, the obligation to pay does not become matured and payment is not due until the services are completely performed. (*Krump v. Campbell*, 102 Cal. 375, [36 Pac. 664] ; 2 Parsons on Contracts, 9th ed., 521; 2 Page on Contracts, sec. 1157; 8 Elliott on Contracts, sec. 2102.) Complete performance of the service did not take place until the moment of Kupper's death. No obligation for immediate payment arose, therefore, until the moment after, that is, after the death of Kupper. His part of the agreement was not by its terms to be performed in his lifetime, but was by its terms to be performed immediately after his death, consequently it comes within the condemna-

tion of the statute of frauds. It is invalid and no action can be maintained upon it. The plaintiff's remedy, if any, is an action for the value of the services rendered, and not an action for the sum alleged to have been agreed to be paid therefor.

The judgment is affirmed.

*Sloss, J.,* and *Lawlor, J.,* concurred.