[Civ. No. 10800. First Appellate District, Division Two.—February 28, 1939.]

M. P. MITCHELL, Respondent, v. PERCY E. TOWNE, Executor, etc., Appellant.

260

Peter A. Breen and Percy E. Towne for Appellant.

Livingston & Livingston and Leonard J. Bloom for Respondent.

NOURSE, P. J.—William S. McClure died March 14, 1936. Charles S. Wheeler, Jr., presented his claim for legal services, performed for deceased over a period of approximately eleven and one-half years, to defendant, as executor of the estate of deceased. It was rejected, and thereupon Wheeler assigned his claim to plaintiff, and this action upon the rejected claim was commenced on December 9, 1936. Verdict and judgment were in favor of plaintiff, and defendant appealed from the judgment and the order denying his motion for new trial.

The complaint was in two counts, the first for the reasonable value of the services rendered, and the second on an express contract to compensate plaintiff's assignor by appointing him executor of the will of decedent and by bequeathing plaintiff the sum of $2,000. It was further alleged that the executor's fee would amount to $1285.40, that a bequest of $2,000 was made but was later reduced by codicil to $500. Plaintiff prayed for judgment of $2,785.40, being the sum of the bequest promised and the executor's fee less the sum of $500 actually bequeathed to plaintiff's assignor. The case was submitted to the jury under instructions covering both counts.

Appellant contends that the case was erroneously submitted to the jury upon both counts of the complaint. It is argued by him that the claim filed with the executor did not state a claim for breach of contract, and, therefore, the contract count was not sustained by the claim. His demurrer to the second count was overruled. A motion to strike was made at the opening of the trial and again at the close of the testimony; both motions were denied. Appellant made no request for special verdicts, and a general verdict in favor of respondent was returned. ■ However, it is well settled that, when the case is submitted to the jury under instructions covering all the counts of the complaint, the judgment must be affirmed if either count is free from error and will sustain the verdict. (24 Cal. Jur., sec. 134, p. 885.)

■ The principal contention of appellant is that recovery of the value of the services rendered is barred by the statute

of limitations except as to the period of two years immediately prior to the death of McClure in March, 1936. Since a discussion of this point involves a statement of the nature of the service rendered and of the transactions between the parties, we will discuss it first. It was said in *Cullinan* v. *McColgan*, 87 Cal. App. 684, 692 [263 Pac. 353] : "Where the facts are agreed upon or ascertained, it is a question of law whether a demand is barred by the statute of limitations (*Reed* v. *Swift*, 45 Cal. 255; *Towle* v. *Sweeney*, 2 Cal. App. 29 [83 Pac. 74]), but where issue is joined on a plea of the statute and the evidence is conflicting as to when, with reference to the filing of the complaint, a cause of action accrued, the question is properly submitted to the jury as a mixed question of law and fact (*Pacific Imp. Co.* v. *Maxwell*, 26 Cal. App. 265 [146 Pac. 900]; *Towle* v. *Sweeney, supra; Crawford* v. *Duncan*, 61 Cal. App. 647 [215 Pac. 573]), and the case may not be taken from the jury where the plea of the statute is interposed and there is evidence to support the plea. (*Heilbron* v. *Heinlen*, 72 Cal. 376 [14 Pac. 24].)''

 Under the rule thus stated we must examine the facts relating to the services rendered in the light most favorable to respondent. For a period of years appellant Percy E. Towne was attorney for decedent. In 1924 decedent desired to have a will drawn providing a legacy for Towne. Towne informed decedent that he preferred not to draw a will making any provision for himself and suggested that decedent retain independent counsel for that purpose. McClure then called upon respondent's assignor, Charles S. Wheeler, Jr., in June of 1924. A will was drafted by the latter, and executed on June 5, 1924, and a codicil thereto was executed on August 26, 1925. A second will was executed December 12, 1931, a third will on August 3, 1933, and the service of respondent's assignor terminated with the execution of the will of November 7, 1935. However, the record shows that during the period from 1924 to 1930 McClure was a frequent visitor at Wheeler's office. The witness testified that during this period McClure called from fifty to one hundred times. During 1930 to 1931 he called not less than ten nor more than forty times. From 1931 to 1935 he called from thirty-five to fifty times. During the entire period and in addition to the wills executed, other wills and codicils were prepared. While the evidence does not disclose the purpose of many of

these visits, it does show both by oral testimony and written exhibits that Wheeler acted throughout the period as advisor to McClure concerning the disposition of his estate and it is a fair inference that at least a majority of McClure's visits were in connection with that purpose. The facts of the case bring it within the rule stated in *Mayborne* v. *Citizens T. & S. Bank*, 46 Cal. App. 178, 189 [188 Pac. 1034]. The court there stated the rule as follows: "We think there is no merit in the contention that the claim is barred by the statute of limitations. The services were continuous for a period of twenty years, and it is a fair inference that it was the intention or expectation that they should be rewarded when terminated. They did not cease until the death of Mr. Dutton. The case falls clearly within the rule announced in *Krumb* v. *Campbell*, 102 Cal. 370 [36 Pac. 664]; *Hagan* v. *McNary*, 170 Cal. 141 [L. R. A. 1915E, 562, 148 Pac. 937]; *Furman* v. *Craine*, 18 Cal. App. 41 [121 Pac. 1007]; *Clark* v. *Gruber*, 74 W. Va. 533 [82 S. E. 338]; *Morrissey* v. *Faucett*, 28 Wash. 52 [68 Pac. 352]. They are all to the effect that where the contract is for an indefinite time and no time for payment is specified, the statute does not begin to run until the services end. Of course, the same rule applies to an express contract and to one implied by law." Appellant argues that the Mayborne case is not applicable because the services in this case were not continuous in nature and because there was no contract for the rendition of continuous service at the time the services were commenced. The evidence on the continuity of the services is sufficient to establish that the services were continuous in nature and to support the implied finding of the jury that the cause of action is not barred by the statute of limitations. ■ As to the second objection of appellant, namely that there was no contract for the rendition of continuous service at the time the services were commenced, we do not understand the law to so require. The essential elements are services continuously rendered and some evidence of an intention to compensate for those services at or after their termination. (*Corato* v. *Estate of Corato*, 201 Cal. 155, 159 [255 Pac. 825].) In the Corato case it was held that a recovery was barred. The Supreme Court approved the rule of the Mayborne case, but distinguished it upon the ground that there was no evidence of an intent to compensate for the services at or

after the termination of the services, and in the absence of any such evidence properly held that under section 2011 of the Civil Code it was presumed that the hiring was by the month. In the present case, we are not dealing with a situation in which section 2011 is applicable, and we do have evidence from which it may be inferred that the parties intended that payment for the services should be at or after the termination of the services. Appellant relies upon *Long v. Rumsey,* 12 Cal. (2d) 334 [84 Pac. (2d) 146], as establishing that there must be a contract at the time the services began. We do not understand the case to so hold. The language of the court which would so indicate is all addressed to a consideration of a rule proposed by the respondent in that case, which the court assumes, without so holding, to be correct. The action was instituted in that case some sixteen years after the termination of the services and the court held the action to be barred. In so holding, the court does not question the propriety of the rule of the Mayborne case. The essential distinction between that case and the present one lies in the nature of the contract which may be implied by the court. Here, it is necessary only to imply a promise to compensate for the services at their termination. In *Long v. Rumsey, supra,* it was necessary to imply a promise to pay at the death of the party upon whom the benefits were conferred. To make such implication, respondent therein argued that there was an express but unenforceable promise to devise property by will, and that, until the unenforceable contract was breached, no implied contract could be raised by law. The court assumed this to be the rule and held that the contract upon which respondent relied had not been proved. Such a holding does not justify the conclusion that it is necessary to prove an unenforceable express contract to pay at the termination of continuous services in order to recover upon the implied promise to pay at the termination of continuous services.

The element of intent to compensate for the services at their termination is shown both in the conversation between McClure and Lawrence Livingston and the letter from McClure to Lawrence Livingston, the admissibility of which will be discussed below. It is further shown in the testimony of the witness Shea who testified concerning the conversation between McClure and plaintiff's assignor in which McClure

stated his intent to compensate plaintiff's assignor by appointing him executor and bequeathing the sum of $2,000 to him. We therefore conclude that the recovery of the reasonable value of the services is not barred by the statute of limitations.

Appellant further contends that the trial court erred in admitting in evidence a letter addressed to Lawrence Livingston and signed by McClure; and in permitting the witness Wagner, an attorney in the employ of Livingston, to testify concerning certain conversations between Livingston and Wagner. The foundation of this contention is that said communications were privileged communications between an attorney and his client. (Code Civ. Proc., sec. 1881, subd. 2.) The record shows that Wagner was called into Livingston's office for the purpose of witnessing the conversation and not in his professional capacity. It is true that the privilege extends to communications made in the presence of an attorney's clerk, but this is true only where the clerk is present in that capacity. Where, as here, he is present for the express purpose of witnessing a conversation and the client acquiesces in his presence as such, the case does not differ from one where statements are made in the presence of a third party who is not an attorney. The letter, to which reference was made above, was dictated by Livingston in the presence of Wagner and was then signed by McClure. Under these circumstances the privilege was waived both as to the letter and conversation. Communications between attorney and client are privileged only when they are intended by the client to be confidential (*Mission Film Corp.* v. *Chadwick Pictures Corp.*, 207 Cal. 386 [278 Pac. 855]), and if they are made in the presence of a third party, who is present as a witness, it cannot be said that they were intended to be confidential. Moreover, Code of Civil Procedure, section 1881, subdivision 2, expressly relates only to communications made to an attorney "in the course of professional employment".

It is further contended that the letter is inadmissible in evidence because it is not material to any of the issues raised. The letter is addressed to Lawrence Livingston. It recites that McClure had on the same date executed a will in which he appointed Wheeler his executor. That McClure desired to bequeath $2,000 to Wheeler "in apprecia-

tion of the services and many kindnesses which he has shown me while acting as my attorney''. That Wheeler refused to prepare a document involving a bequest to himself and recommended Livingston; that McClure had discussed the matter with Livingston and after consideration, ''I have concluded that $2,000 is a fair amount to leave Mr. Wheeler in recognition of his services and attention to my needs and desires.'' It closes with a request to prepare a codicil to that effect. The letter is evidence of the intent of McClure to compensate Wheeler for his services by will, thus showing that there was no intent to compensate Wheeler for his services prior to the death of McClure. Therefore, it was properly admitted on the issue of the statute of limitations; moreover it contains a statement by McClure of the amount which he considered to be the fair and reasonable value of Wheeler's services and was, therefore, evidence of the value of Wheeler's services.

It is contended by appellant that there is no evidence of the reasonable value of the services rendered by Wheeler, and, therefore, the judgment must be reversed. In so arguing appellant assumes that expert testimony is essential to establish the reasonable value of an attorney's services. This assumption is not justified. While expert testimony is admissible, it is neither essential nor conclusive, and the court or jury may disregard it entirely. (*Spencer* v. *Collins,* 156 Cal. 298, 307 [104 Pac. 320, 20 Ann. Cas. 49] ; *Estate of Straus,* 144 Cal. 553, 557 [77 Pac. 1122] ; *Freese* v. *Pennie,* 110 Cal. 467, 469 [42 Pac. 978] ; *Reid* v. *Warren Imp. Co.,* 17 Cal. App. 746, 748 [121 Pac. 694].) In the instant case the nature and extent of the services were in evidence. Moreover, the testimony of the witness Shea shows that the parties agreed to a fee equal to the sum of the executor's fees plus a bequest of $2,000. The fee agreed upon by the parties is some evidence of the reasonable value of the services, and the jury could accept this evidence. (*Ayres* v. *Lipschutz,* 68 Cal. App. 134, 138 [228 Pac. 720] ; 7 C. J. S., p. 1121.) While appellant strongly contends that no agreement was ever reached fixing the fee, the evidence is, we believe, sufficient to establish that such agreement was reached. From what has been said, it is apparent that there was evidence to support the jury's determination of the reasonable value of the services.

It is further argued that the verdict of $2,785.40 is excessive. As above demonstrated, there is evidence to support the verdict, and it does not appear that the verdict was the result of passion or prejudice. Therefore, we must accept the conclusion of the jury as final. (*Stuart* v. *Preston*, 2 Cal. App. (2d) 310, 317 [38 Pac. (2d) 155].)

It is apparent that there is no error in the submission of the case to the jury under the first count of the complaint. For this reason, the judgment must be affirmed, and it is unnecessary to consider appellant's contentions in regard to the second count of the complaint.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1939. Houser, J., voted for a hearing.