[No. 41. First Appellate District.—September 7, 1905.]

FANNIE DALLMAN, Appellant, v. J. J. FRANK et al., Executors of the Will of Lissette Chesney, Deceased, Respondents.

ESTATES OF DECEASED PERSONS—ACTION AGAINST EXECUTORS—GRATUITOUS SERVICES.—An action cannot be sustained against the executors of the will of a deceased person for services which are shown to have been gratuitously rendered to the deceased during her illness, by way of friendly and neighborly offices voluntarily given by plaintiff of her own motion, without request therefor by the deceased.

ID.—SUPPORT OF FINDINGS—INFERENCES FROM EVIDENCE.—The findings of the court will be upheld if there is any evidence which by reasonable construction will support them, and the trial court is authorized to consider not only the testimony, but also all reasonable inferences of fact which can be reasonably drawn from the facts established by such testimony. *Held*, in view of all the evidence, that the court might reasonably infer from the friendly relations long existing between plaintiff and deceased that there was no employment of plaintiff, that her services were of a friendly and social nature, and that a finding that they were gratuitous and without expectation of reward cannot be said to be without support in the evidence.

ID.—PRESUMPTION OF CONTRACT OVERCOME.—The presumption of a contract, which the law implies upon proof that one has rendered

services to another, in the absence of any showing of the circumstances under which they were rendered, ceases to exist when it is shown that they were merely such offices as one friend would perform for another in time of sickness or distress, either by way of physical aid or in the comfort of personal companionship.

ID.—IMMATERIAL FAILURE TO FIND VALUE OF SERVICES.—After finding that the services rendered were gratuitous, the issue respecting the value of the services became immaterial, and the failure to make a finding thereupon was not error.

ID.—HARMLESS EVIDENCE—WILL OF DECEASED.—Under such finding, the admission in evidence of the will of the deceased containing bequests to plaintiff is harmless.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. Hebbard, Judge.

The main facts are stated in the opinion of the court.    The will introduced in evidence showed that deceased had bequeathed all of her household furniture to the plaintiff, and by a codicil had bequeathed to her five hundred dollars in cash.

E. A. Bridgford, for Appellant.

Lucius L. Solomons, for Respondents.

HARRISON, P. J.—The plaintiff brought this action to recover $915 from the defendants as executors of the last will and testament of Lissette Chesney, deceased, as the reasonable value of services alleged to have been rendered to the decedent in her lifetime at her special instance and request. The defendants in their answer do not deny that services were rendered by the plaintiff to the decedent, but they allege that whatever services were so rendered were mere friendly and neighborly offices performed by the plaintiff of her own accord, and were rendered voluntarily and gratuitously, and for which no promise of payment was ever made by the decedent either expressly or by implication. Upon the trial of the cause the court found that the services were not rendered at the instance and request of the deceased, but were performed by the plaintiff voluntarily and gratuitously of her own motion, and were acts of friendship having no pecuniary value. Judgment was thereupon rendered in favor of the defendants, from which and from an order deny-

ing her motion for a new trial the plaintiff has appealed, and urges in support of the appeal that the above findings of the court were not sustained by the evidence.

The findings of a court, like the verdict of a jury, will be upheld in the appellate court if there is any evidence which, by reasonable construction, tends to support such findings; and in making its decision the trial court is at liberty to take into consideration not only the testimony given at the trial but also all inferences of fact which may be reasonably drawn from the facts established by such testimony. Upon an appeal the burden is upon the appellant to show error in the court below, and although the appellate court may be of the opinion that, on the evidence in the record, it would have reached a different conclusion, it is not for that reason authorized to set aside the findings of the. trial court. If the evidence is such that reasonable men may reach different conclusions thereon, the findings of the trial court must be sustained.

The main issue before the superior court was the character of the services rendered the deceased,—the plaintiff seeking to show that they were rendered under employment as a nurse, and the defendants that they were merely friendly offices gratuitously performed.

It appears from the evidence that Mrs. Chesney lived in the upper flat of a building on Sixth Street, of which she was the owner, and that the plaintiff with her husband and family lived in the flat immediately beneath, and had lived there for several years as the tenant of Mrs. Chesney and of her husband in his lifetime. During this period the families of the plaintiff and of Mrs. Chesney appear to have been on friendly and social terms, frequently visiting each other in their respective apartments. Upon the lower floor of the building there was a saloon, which had been occupied by Mr. Chesney in his lifetime. He died in February, 1899, and after his death Mrs. Chesney carried on the business with the aid of the employees which he had had during his lifetime. She had been troubled with asthma for several years, and in the latter part of August, 1899, she was taken seriously ill, and died in October of that year.

The evidence of the services rendered by the plaintiff relates to two periods of time,—the first from the time of. Mr.

Chesney's death until the latter part of August, when Mrs. Chesney was taken ill, and the other from that time until her death. There was no testimony of any direct employment of the plaintiff, but her husband testified with reference to the first of these periods that on the day that Mr. Chesney died Mrs. Chesney "sent for" his wife "to come to her aid"; and that he "told her to go"; but the terms of the message or the character of the aid requested was not shown; and although he purported to state their character, his testimony thereon was greatly impaired by his subsequent statement that during this time he was occupied in his store, and had not the slightest idea of what his wife did with Mrs. Chesney during the day, thus leaving the court to consider this portion of his testimony as mere hearsay. His testimony, and that of other witnesses for the plaintiff, that during this period the plaintiff devoted the whole of her time to the care of Mrs. Chesney; that Mrs. Chesney could not get out of her room to get anything, and that for that reason she required the plaintiff to wait on her; that the condition of Mrs. Chesney was such as to require her continuous services, was in direct conflict with the testimony of the employees in the saloon that during this period Mrs. Chesney came into the saloon every morning and evening two or three times a day, attending to her business there, and would remain sometimes two hours at a time; and also with the testimony of one of the defendants that he visited her during this period at different hours of the day, morning, afternoon, and evening, nearly every day, and found her in her office attending to her business; that during this period he had never seen the plaintiff in the apartments of Mrs. Chesney, and with one or two exceptions had never seen her with Mrs. Chesney, and had never seen her doing anything for Mrs. Chesney.

When Mrs. Chesney was taken ill in August a physician was called to attend her, who visited her daily from that time until her death, and during that period she also had the attendance of two nurses, one in the daytime and the other during the night. The only testimony of any specific service rendered by the plaintiff during this period was that given by the day nurse, to the effect that the plaintiff visited the sickroom nearly every day at different hours in the day, and was there on an average about an hour and a half each day;

and that while there she would sit by the side of Mrs. Chesney and fan her and rub her with alcohol. The nurse, however, said that she did this of her own accord and without any request. The night nurse testified that the plaintiff was in the room every night; that Mrs. Chesney often wanted her to sit there, and that she would sit by her and talk to her and comfort her. She did not testify that any services were rendered by the plaintiff other than those of comfort. The attending physician, who visited Mrs. Chesney several times each day during her illness, stated that he would not say that the plaintiff was acting as a nurse, but that she was giving such care as a well woman might extend to a sick woman; that she was a great moral comfort to Mrs. Chesney, besides the physical aid she extended to her. The defendant Frank testified that during this period he visited Mrs. Chesney every day and night, and remained there sometimes an hour, and sometimes longer, and at times had remained all night; that he saw the plaintiff there nearly every time he went, but that he never saw her doing anything other than to sit there and fan Mrs. Chesney and rub her hands.

It may be assumed that, in determining the issues before it, the superior court took into consideration the friendly relations shown to have existed between the plaintiff and Mrs. Chesney, and that it made the reasonable inference therefrom that the message from Mrs. Chesney to the plaintiff on the day of her husband's death to come to her aid was rather a request for the comfort of a companion in her affliction than for the purpose of giving employment to the plaintiff; that much of the testimony given on her behalf was either hearsay or the opinion of the witnesses, and was in many essential respects contradicted by other witnesses; the absence of any direct evidence that the plaintiff had rendered any specific services as a nurse to Mrs. Chesney prior to her last sickness; that, by reason of evidence of the physical ability of Mrs. Chesney to care for herself during the period prior to her illness, and her employment of two experienced nurses during her illness, she was under no necessity of asking for the services of the plaintiff; that the services shown to have been rendered by the plaintiff during the illness of Mrs. Chesney were friendly and social merely. In thus considering their nature its finding that the services were gratuitous and with-

I Cal. App.—35

out any expectation of reward cannot be said to be without evidence for its support. The presumption of a contract, which the law implies upon proof that one has rendered services to another, in the absence of any showing of the circumstances under which they were rendered, ceases to exist when it is shown that they were merely such offices as one friend would perform for another in time of sickness or distress, either by way of physical aid or in the comfort of personal companionship. (See *Moulin* v. *Columbet*, 22 Cal. 508.)

After finding that the services rendered by the plaintiff were gratuitous the issue respecting the value became immaterial, and the failure to make a finding thereon was not error. For the same reason the plaintiff suffered no harm from the admission in evidence of Mrs. Chesney's will.

The judgment and order are affirmed.

Hall, J., and Cooper, J., concurred.