[Sac. No. 3649. In Bank.—April 27, 1927.]

## MATILDA CORATO, Respondent, v. ESTATE OF JOSEPH CORATO, Deceased, Appellant.

**[1]** TRUSTS—CLAIM AGAINST DECEDENT—SUFFICIENCY OF EVIDENCE.— In this action against the estate of a deceased person, one count being for the recovery of a certain sum of money alleged to have been held by the decedent in trust for the plaintiff, together with interest thereon, it is held that the evidence was sufficient to support the findings in favor of the plaintiff.

**[2]** ACTION FOR SERVICES—TIME OF SERVICE—PRESUMPTIONS—STATUTE OF LIMITATIONS.—In an action upon a claim against the

––––––––––

2. See 27 Cal. Jur. 218.

estate of a deceased person for personal services, where the evidence does not show any agreement, either expressly or by implication, for the term of service, time of payment, or rate or value of the services, and no custom on the subject is alleged or proved, the presumption, under section 2011 of the Civil Code, is that the hiring was by the month; and the statute of limitations forecloses a recovery for any period except during the two years immediately preceding the death of the decedent.

[3] ID.—EVIDENCE—CLAIM FOR SERVICES—RECOGNITION OF—INSUFFICIENT WILL.—In an action upon a claim against the estate of a deceased person for personal services extending over a long period of years, there is no error in admitting in evidence an insufficient will of the decedent for the purpose of showing that the decedent recognized the claim.

[4] TRIAL — EQUITABLE ISSUES — SUBMISSION TO JURY. — The contention that the trial court erred in submitting equitable issues to a jury cannot be maintained on appeal where the findings recite that "By stipulation of the parties and by order of the court, the equitable issues presented in and by the first cause of action herein" were "submitted by the above-entitled court to the jury aforesaid for its advisory verdict."

---

(1) 39 Cyc., p. 193, n. 8.    (2) 37 C. J., p. 822, n. 23, p. 825, n. 44, 48; 39 C. J., p. 171, n. 79, p. 188, n. 35.    (3) 22 C. J., p. 860, n. 11, 12; 24 C. J., p. 402, n. 43, 46.    (4) 4 C. J., p. 714, n. 84; 21 C. J., p. 585, n. 99.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed in part and reversed in part.

The facts are stated in the opinion of the court.

Edwin L. Forster, R. P. Henshall and Robert R. Moody for Appellant.

Gumpert & Mazzera for Respondent.

SHENK, J.—Joseph Corato died on or about the third day of October, 1922, in the county of San Joaquin, leaving estate therein. The plaintiff is the administratrix of said estate. On February 28, 1923, she filed two claims against the estate, which were rejected by the court. She then filed her complaint thereon in two counts. The first count was

for the recovery of the sum of $600, with interest, alleged
to have been placed in the hands of the deceased in 1903
as a trust fund to be held and managed by the deceased for
the use and benefit of the plaintiff. The second count was
for services alleged to have been rendered by the plaintiff
to the deceased in the capacity of a housekeeper and as
manager of a boarding and lodging house run by the de-
ceased, which compensation it is alleged the deceased agreed
to pay to the plaintiff at the termination of said services at
or before his death. A demurrer to both counts was inter-
posed and we think properly overruled. On the denials of
the answer and the special plea of the statute of limitations
the cause was tried before the court sitting with a jury. As
to the first count the jury rendered a verdict in favor of
the plaintiff for the sum of $2,322, being the principal sum
of $600 and interest thereon from February 10, 1903. The
court adopted the verdict, submitted concededly in an ad-
visory capacity, made its findings and rendered a judgment
accordingly. As to the second cause of action the jury
found for the plaintiff in the sum of $5,500 for services
rendered continuously for twenty-three years prior to the
death of the deceased, and a separate judgment was en-
tered on that verdict. From such judgments an appeal is
prosecuted on behalf of the estate and the matters are sub-
mitted on a single record.

The defendant urges the insufficiency of the evidence to
justify the findings as to the first count and the verdict as to
the second count. With reference to the first count, the court
found that on or about February 10, 1903, the plaintiff de-
posited with the deceased the sum of $600, which was her
sole and separate property; that it was understood and
agreed by and between the plaintiff and the deceased that
said sum of $600 be held in trust by the deceased for the
plaintiff and be kept by the deceased as a depositary
thereof; that the deceased was to invest the same, and the
proceeds derived therefrom were to be held by the deceased
for the use and benefit of the plaintiff until the same should
be demanded by the plaintiff; that the deceased invested
said fund in property, the character and description of
which is unknown to the plaintiff, and commingled said
fund with his own property and belongings and neglected
and failed to keep a correct or any account of said trust

fund or its increase, and that the said fund cannot now be identified either in its original or substituted form; that the plaintiff did not demand the said sum or any part thereof prior to the death of deceased, and that the whole thereof with interest is due from the defendant to the plaintiff.

The evidence shows that Joseph Corato and Mary Corato were husband and wife from their marriage in 1897 until they were divorced in 1911. A few years after their marriage they separated and Mary Corato, with her young son, took up her residence at Sonora, in Tuolumne County. About 1897 a young uneducated woman, Matilda Nave, known in this litigation as Matilda Corato, came from Italy and lived with her brother in Stockton. She was industrious and frugal, and from her earnings in the course of a few years saved the sum of $600, which she placed with her brother, who secreted the money in a can which he kept for that purpose. After the lapse of a few years she met Corato, the deceased, who was operating an express business in Stockton, began to live with the deceased, and continued to live with him apparently as his wife until his death. No marriage was ever solemnized. At the solicitation of the deceased the said sum of $600 was delivered to him by the plaintiff. The evidence as to what transpired at the time of such delivery is clearly subject to two interpretations. It is the insistence of the defendant that the only interpretation which may be placed thereon is that the money was transferred to the deceased as a loan, and that if that be true the statute of limitations has long since run. The plaintiff contends that the evidence is subject to the construction that the money was transferred to the deceased with the understanding that he should hold the same for the use and benefit of the plaintiff, invest and reinvest the same as in his judgment seemed best, and account to the plaintiff on demand. There is evidence to the effect that the deceased agreed to take the money and pay the plaintiff interest thereon. There is also evidence that the deceased agreed to take the money and hold it for the plaintiff and to account to her for the benefits and profits to be gained from his management and control thereof. [1] The jury and the trial judge placed on the evidence the interpretation most favorable to the plaintiff. A survey of the record satisfies us that the evidence is subject to such interpretation and is sufficient upon which to base the findings.

The evidence in support of the claim set forth in the second cause of action discloses that soon after the plaintiff and the deceased met the deceased acquired a boarding and lodging house. The plaintiff undertook the management thereof, and with the co-operation of the deceased conducted the same for about twenty years. She cooked for the boarders, sometimes twenty in number, cleaned the house, made the beds and did the washing and ironing. In fact, she appears to have done almost all of the work incident to the conduct of the boarding-house. She continued to act in that capacity until the death of the deceased. At times the plaintiff would complain to the deceased of the difficulty of the work and of the necessity for assistance, whereupon the deceased would promise her that he would pay her for her work, that if she would continue he would pay her well and that she would be glad in the end if she should do so. These conversations would usually terminate with a statement on the part of the plaintiff: "All right, I will work if you will pay me." The evidence is abundant to support the conclusion that the deceased promised to pay the plaintiff for work that she had done and for work to be done in the future. The record, however, does not disclose when the payment for such services would be made, nor the amount thereof. The allegations of the second cause of action are similar to those alleged by the plaintiff in the case of *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178 [188 Pac. 1034]. It is insisted by respondents that the proof of the allegations in the present case is so similar to the proof in the Mayborne case as to render that case controlling in the determination of this branch of the present appeal. It is insisted that the evidence in this case shows a continuing contract such as was disclosed in that case, the interpretation of which called for the following declaration by that court: "We think there is no merit in the contention that the claim is barred by the statute of limitations. The services were continuous for a period of twenty years, and it is a fair inference that it was the intention or expectation that they should be rewarded when terminated. They did not cease until the death of Mr. Dutton. The case falls clearly within the rule announced in *Krumb* v. *Campbell,* 102 Cal. 370 [36 Pac. 664] [and other cases cited]. They are all to the effect that where the

contract is for an indefinite time and no time is specified, the statute does not begin to run until the services end. Of course, the same rule applies to an express contract and to one implied by law.'' The defendant, on the other hand, contends that the contract proved was not an entire contract based upon an entire consideration, but was a contract of employment where the consideration became due and payable from month to month, and that recovery on account thereof is barred except for two years immediately prior to the death of the deceased, if indeed any compensation may be recovered at all. The holding of the court in the Mayborne case is undoubtedly a correct statement of the law applicable to a situation there presented, that is, where it is understood, expressly or by reasonable implication, as was held in that case, that the compensation should be paid at the termination of the rendition of the services. It appeared in that case by the production of the will of the deceased, although the will was insufficient in form and could not be admitted to probate, that the deceased intended to compensate the plaintiff therein at the termination of her services at his death by leaving her property ''for care and faithful services rendered.'' In the present case it likewise appears that the deceased made a will in which the plaintiff was named as a beneficiary and that this will was also insufficient in form and was not entitled to probate. But there is not in this will any indication of an intention to cause the bequest to constitute payment for services rendered. It also appears that the plaintiff herein repeatedly suggested to the deceased the matter of immediate payment, but was put off with the statement to the effect that he would pay her sometime. The facts here presented would seem to bring the case within the provisions of section 2011 of the Civil Code which provides: ''In the absence of any agreement or custom as to the term of service, the time of payment, or rate or value of wages, a servant is presumed to be hired by the month, at a monthly rate of reasonable wages, to be paid when the service is performed.'' [2] Here there was no agreement either expressly or by implication for the term of service, the time of payment, or rate or value of the services, and no custom on the subject was alleged or proved. In the Mayborne case there was an implied agreement as to the time of payment and said sec-

tion 2011 would therefore have no application for the reason that the presumption of a hiring by the month would not then be present. We are of the opinion that under the facts in the present case the plaintiff was entitled to reasonable compensation from month· to month as the services were performed, and that the statute of limitations has foreclosed a recovery for any period except during the two years immediately preceding the death of the deceased.

[3] The defendant urges as prejudicial error the introduction of evidence of the insufficient will of the deceased. Although insufficient as a will we think it was admissible as constituting some recognition by the deceased of a claim upon him for services rendered by plaintiff and as corroboration of the plaintiff's claim that her services were not gratuitous.

[4] The defendant complains because the trial court submitted the equitable issues tendered by the first cause of action to a jury. The contention is without merit. The findings recite that "By stipulation of the parties and by order of the court, the equitable issues presented in and by the first cause of action herein" were "submitted by the above-entitled court to the jury aforesaid for its advisory verdict."

Other points made, if discussed, would not lead to a different conclusion on these appeals. It should be said, however, that the alleged meretricious relation between the plaintiff and the deceased is deemed of no controlling significance under the facts here presented.

The judgment on the first cause of action, dated and filed December 31, 1923, is affirmed. As the record does not disclose the reasonable value of the services performed by the plaintiff during the two years prior to the death of the deceased we may not properly find on that subject and modify the judgment accordingly, but as the defendant does not seriously contest the right of the plaintiff to recover for said two-year period, if she is entitled to recover at all, it is ordered that the judgment on the second cause of action entered on November 15, 1923, be and the same is hereby reversed and the cause as to said second cause of action is remanded to the trial court with directions to ascertain the reasonable value of the services rendered by the plain-

tiff for the two years immediately preceding the death of the deceased and render judgment in favor of the plaintiff for the amount so ascertained. Let each party bear one-half the aggregate costs on this appeal.

Richards, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.