[Civ. No. 6357. First Appellate District, Division One.—October 9, 1928.]

CAROLINE CAVANAUGH, Respondent, v. CHARLES F. CAVANAUGH, as Administrator, etc., Appellant.

Ford, Johnson & Bourquin for Appellant.

John Anthony McGee for Respondent.

PARKER, J., *pro tem.*—This is an action on a claim against the estate of William L. Cavanaugh after rejection by the administrator.

The claim presented to the administrator was as follows: "For services rendered William L. Cavanaugh, deceased, during his life time, for which he. agreed to pay the reasonable and market value thereof, consisting of continuous day and night nursing and taking care of said decedent and other incidental work, labor and services made necessary by the illness of said decedent for a period of sixty-eight (68) weeks from June 24, 1922, to October 15, 1923, at twenty dollars ($20.00) per week, $1,360.00." It is admitted that the claim was presented within the time required by statute, and that after rejection action was commenced within the period prescribed.

William L. Cavanaugh died on or about October 3, 1925, and appellant was appointed administrator on October 5, 1925, and thereafter as such administrator caused notice to be given to creditors in the usual way. The claim, as hereinbefore noted, was rejected; hence the present action.

In plaintiff's complaint herein she sets forth exactly the same demand as contained in the rejected claim. However, to the complaint is added this statement: "That during the life time of said William L. Cavanaugh no part of said sum was paid, and on and after the 16th day of October the entire amount and value of said services was the sum of one thousand three hundred sixty dollars, and that upon said last mentioned date the entire amount above named, to wit, the sum of one thousand three hundred and sixty dollars became and was due, owing and unpaid from William L. Cavanaugh to plaintiff."

Defendant administrator in his answer denied the rendition of service, and denied the fact of nonpayment, and likewise denied the value of said services claimed to have been rendered. As a separate defense defendant set up the statute of limitations, section 339, subdivision 1 of the Code of Civil Procedure, this defense going to the claim as a

whole and specifically to that portion thereof accruing prior to October 1, 1923.

At the trial plaintiff was permitted to amend her complaint, in conformity with proof offered, to allege that decedent William L. Cavanaugh promised to pay for the services as soon as he could sell certain real estate owned by him and that said real estate was sold on January 2, 1924. The trial court found in favor of plaintiff on all of the issues tendered, and judgment followed for the full amount claimed. Defendant administrator presents this appeal.

█ ˙Appellant at the outset relies on the familiar principle of law that courts do not look with favor upon stale claims, particularly when urged against the estate of a decedent debtor. Conceding the strength of the rule, yet this is a contention that is more proper to present to the trial court. And the scope of our inquiry here differs but little from other cases. We find in the record sufficient evidence to sustain the trial court's findings, and we do not attempt to determine anew the conflict of testimony as urged, nor do we attempt to draw new conclusions from the apparent shiftings of position on the part of respondent.

█ Appellant next contends that the cause of action in the complaint was and is based upon a claim different and distinct from the claim presented to the administrator and rejected. It is conceded that the original claim as presented, and the complaint filed and judgment entered, each and all concern but one demand, namely, services rendered to the decedent over a period of sixty-eight weeks from June 24, 1922, to October 15, 1923, at a price of $20 per week. But appellant contends that the original claim as presented merely set forth the nature of the services and the time of rendition, and was on its face an outlawed claim, and that the administrator had no power to allow it. It may be conceded that the claim as presented was *on its face* barred by the statute of limitations (*Corato* v. *Estate of Corato,* 201 Cal. 155, 159 [255 Pac. 825]; *Estate of Steuer,* 77 Cal. App. 584 [247 Pac. 211]). Section 1499 of the Code of Civil Procedure, provides that no claim must be allowed by the administrator which is barred by the statute of limitations. Therefore the action of the administrator here in rejecting the claim was not improper or unwarranted. However, a mere rejection by the administrator does not

conclude the claimant's rights. Upon action brought the claimant, urging the same claim, may offer any legal evidence in support thereof. It is appellant's contention that when a claim is presented against an estate of a decedent the demand should show affirmatively the time when payment was due, and that where, as here, any special time of payment has been agreed upon whereby a different period of limitation would apply, then the demand should show on its face the supplemental agreement. Concretely appellant argues that when plaintiff filed her claim with the administrator she set forth services rendered covering a period between June, 1922, and October, 1923, without any statement as to promise to pay, and that the law would presume the employment as one from month to month, with each month's service payable when performed (*Corato* v. *Estate of Corato, supra*); that when plaintiff alleged a cause of action based upon the same services and alleging a promise to pay, which promise or agreement did not appear on the presented claim, she thereby sought to enforce a demand that had never been presented for allowance to the administrator.

It is unnecessary to follow the contention throughout all of its phases. In some ways it seems quite persuasive, and serves to convince us that it would be a much better practice to set out in a claim to an administrator all of the details concerning time of payment and conditions thereof to a legal nicety. Yet the fact remains that in a vast majority of cases a claimant creditor has not the ability to determine all of the legal formulae nor the advantage of counsel. In *Doolittle* v. *McConnell,* 178 Cal. 697 [74 Pac. 305], the court says: "The same rules announced by the court in overruling appellant's various attacks upon the complaint as amended (referring to the liberality of the law in permitting amendments to pleadings where the cause of action remains unchanged) apply with greater force to the refusal to hold that there was a fatal difference between the creditor's claim as filed and the one upon which suit is brought, because the courts go further in upholding such demands against estates than in upholding pleadings. The purpose of presenting a demand to the administrator is to advise him of its nature, and there is no requirement that it shall state the facts with all the detail necessary in

a complaint, nor is its sufficiency to be tested by the rules of pleading.'' (*Pollitz* v. *Wickersham,* 150 Cal. 238 [88 Pac. 911]; *Elizalde* v. *Murphy,* 163 Cal. 681 [126 Pac. 978]; *Enscoe* v. *Fletcher,* 1 Cal. App. 659 [82 Pac. 1075]; *Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305]; *Thompson* v. *Koeller,* 183 Cal. 476 [191 Pac. 927].)

In *Thompson* v. *Koeller, supra,* the plaintiff had presented a claim to the administrator of an estate upon a certain promissory note. The claim did not specify that the note had been given as security, and did not set forth the notes for which it was security. Upon a trial after rejection of the claim the administrator showed that the note upon which the creditor's claim rested was given as security for the payment of notes of third persons. The trial court then permitted plaintiff to show that these third-party notes had never been paid, and ·that default had been made therein in an amount greater than the note of decedent, and thereupon the trial court gave judgment for plaintiff. The contention on appeal was that there was, under the facts, an insufficient claim presented to support the demand as shown. The court, in an exhaustive review of authorities, summarizes the law to be as hereinbefore indicated. The general rules laid down may be stated: The claim should sufficiently indicate the nature and amount of the demand to enable the executor and judge to act advisedly upon it. A sufficient compliance with the law is made when the claim presented shows the nature of the claim, the circumstances out of which it grew and its approximate amount, which manifestly is all that can be stated. In the instant case, in the claim presented and in the pleadings plaintiff urged but one demand, namely, payment for services rendered. From the outset plaintiff claimed that she had rendered personal services, nursing and care from June, 1922, to October, 1923. At no stage of the proceedings is this claim changed or altered. Her claim has for its sole foundation these services rendered. The rejection of the claim and the setting up of the bar of the statute does not change matters. In practice much hardship would result from upholding defendant's contention here. Suppose a case where a creditor presented a claim arising from services or upon any obligation, which claim had accrued ten years prior to the death of the debtor; that this claim was presented along toward the·

close of the period during which claims could be presented and was rejected. Thereafter within the statutory period suit was commenced and plaintiff was able to show that for nine years of the time following the accrual of the claim decedent had been continuously without the state. Both reason and justice compel the conclusion that such a showing could be made in support of the demand without changing the nature thereof. The requirements of the law are statutory, and no doubt designed to work out some proper system and order in the administration of the estates of deceased persons; but no rule of expediency, statutory or otherwise, should impinge upon the judicial power of the state as vested by the constitution. Whatever apparent irregularity there may have been in the details of the claim here the estate was allowed and had its day in court and a full, fair, and complete hearing on the merits of the claim. Plaintiff recovered for exactly the same services set out in her claim, and it was proper for the trial court to determine, even after the conclusion of the administrator, whether or not the bar of the statute prevented enforcement of the claim.

Appellant has, as hereinbefore indicated, questioned the sufficiency of the evidence as a whole. In none of the briefs does the evidence or any transcript thereof appear. No appendix or appendices accompany the briefs. The contention of appellant on this score is purely argumentative. He contends that because no agreement of payment was in the presented claim and that a change appears in the pleadings whereby different grounds of recovery are urged, thereby a cloud of suspicion is thrown over the entire transaction. We have examined the transcript carefully and find no support for appellant's contention. As to his general argument concerning the so-called suspicious circumstances we see nothing warranting our interference with the trial court's judgment.

On the point that a promise to pay may be contingent and the statute of limitations running only from the happening of the event mentioned, see *Van Buskirk* v. *Kuhns,* 164 Cal. 472 [Ann. Cas. 1914B, 932, and note, 44 L. R. A. (N. S.) 710, 129 Pac. 587].

Judgment and order denying new trial are affirmed.

Tyler, P. J., and Cashin, J., concurred.