[Civ. No. 6688. First Appellate District, Division One.—April 15, 1929.]

ALICE E. ROBINSON, Respondent, v. I. F. CHAPMAN, Administrator, etc., Appellant. (And Consolidated Case.)

I. F. Chapman for Appellant.

Dozier & Kimball for Respondent.

TYLER, P. J.—Actions to recover the reasonable value of services. The trial court rendered two judgments against defendant, appellant herein, as administrator of the estate of Alice J. Mills, deceased. The actions upon which the judgments were rendered were consolidated and tried together, and by stipulation both appeals are presented on a single record. The complaints alleged the rendition of services to the said deceased covering a period of some nine years. Judgment was in favor of Alice E. Robinson for $3,412 and in favor of Susan E. Robinson for $3,217. This is an appeal from both judgments. Appellant relies upon two contentions for reversal. He first claims that the causes of action are barred by the statute of limitations and, second, that the services sued for were gratuitously rendered and without expectation of compensation. The facts show that Alice J. Mills died December 1, 1924, leaving estate consisting of real and personal property of the value of $45,000. On March 2, 1925, appellant I. F. Chapman was appointed and qualified as administrator of the estate. On November 16, 1925, each plaintiff filed her respective claim against said estate and each was rejected by said administrator. Suit was thereupon instituted by the claimants. It appeared at the trial that decedent was a first cousin of Susan E. Robinson and a second cousin of Alice E. Robinson. Each of these relatives of the deceased had, from

July, 1915, until the death of Alice J. Mills on December 1, 1924, performed services for Mrs. Mills at her special request. The services were of a constant and continuous nature. Plaintiff acted as her nurse and companion, dressed and undressed her, waited on her, prepared and served her with meals, administered medicines and performed unpleasant but necessary duties. Alice J. Mills was a very large woman and she had suffered a paralytic stroke about 1916, and was in consequence more or less helpless and hard to manage by reason of her condition. A guardian had been appointed for her and during the last year of her illness such guardian had requested Mrs. Robinson and her daughter to assist in relieving the regular nurse of Mrs. Mills. There was no controversy concerning the nature and character of the services rendered by plaintiffs or of their value or duration. During the long period of the performance of the services deceased had, from time to time, assured the plaintiffs they would be compensated and .rewarded if they would perform the duties she required. There was no direct evidence to show that any definite time was fixed for payment of the services, nor was there any evidence to show the exact amount that was to be paid and appellant claims that the situation is, therefore, controlled by the case of *Corato* v. *Estate of Corato,* 201 Cal. 155 [255 Pac. 825]. ■ It is there held that in an action upon a claim against the estate of a deceased person for personal services, where the evidence does not show any agreement, either expressly or by implication, for the terms of service, time of payment, or rate or value of the services and no custom on the subject is alleged or proved, the presumption, under section 2011 of the Civil Code, is that the hiring was by the month; and the statute of limitations forecloses a recovery for any period except during the two years immediately preceding the death of the decedent. It is further pointed out in the decision, however, where it is understood expressly or by reasonable implication that the compensation is to be paid at the termination of the rendition of the services, it is a continuing one for which compensation may be recovered when the services terminate and the presumption that the hiring is by the month does not apply. (Citing *Mayborne* v. *Citizens' T. & S. Bank,* 46 Cal. App. 178 [188 Pac. 1034].) ■ Here the court expressly found that the claims were not

barred and the only reasonable inference to be drawn from the evidence, sustains this finding. Deceased was possessed of a substantial fortune and no reason appears why the services rendered should have been rendered gratuitously. On the contrary, the evidence expressly shows that the deceased throughout the period of her sickness assured plaintiffs that they would be compensated. Nor is there any circumstance which in any manner dispels the reasonable presumption to be drawn from the evidence that the services were to be compensated, or paid for when the employment terminated. The fact that no payments were made during the lifetime of the deceased though constant assurances were expressly given by her throughout the entire period of her illness that payment would be made, is a circumstance going to support the finding. Cases of this character depend more or less upon the facts of the particular case, the inquiry in each case being whether it can be reasonably inferred that the services were or were not to be paid for at the termination of the employment. The fact that the parties are more or less remotely related is also a circumstance to be considered, for while a relation might be satisfied with such an arrangement concerning payment a stranger would not. (*Mayborne* v. *Citizens' T. & S. Bank, supra.*) We are of the opinion that the evidence supports the findings upon this subject. ▮ Defendant presents the further argument that the claims being outlawed on their face he, as administrator, was justified in rejecting them and his act in so doing concludes plaintiffs. The purpose of presenting a demand to the administrator is to advise him of its nature and there is no requirement that it should state the facts with all the detail necessary in a complaint, nor is its sufficiency to be tested by the rules of pleading. It was proper for the trial court to determine, after the conclusion of the administrator, whether or not the bar of the statute prevented enforcement of the claims. (*Cavanaugh* v. *Cavanaugh,* 94 Cal. App. 271 [271 Pac. 109].)

The judgments are affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 15, 1929, and a petition

by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1929.

All the Justices concurred.